IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIFFANIE ANITA BRACK,         )
                              )
          Petitioner,         )
                              )
     v.                       )     1:12CV547
                              )     1:08CR471
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )

**MEMORANDUM OPINION AND ORDER**

Petitioner Tiffanie Anita Brack moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, and for the appointment of counsel. (Docs. 73, 88.)[1] For the reasons set forth below, Brack's motions will be denied and the case will be dismissed.

**I. BACKGROUND**

Brack pleaded guilty to two counts of a superseding indictment charging Wire Fraud and Aggravated Identity Theft under 18 U.S.C. §§ 1343, 1349 and 2 and 18 U.S.C. § 1028A(a)(1). (Doc. 54 at 1.) Brack was convicted for posing as a bail bondsman to fraudulently obtain identifying information from William Sapp, an octogenarian whose granddaughter had been jailed, and using that information to open multiple lines of credit and make numerous purchases for herself. United States v. Brack, 651 F.3d 388, 390 (4th Cir. 2011). On April 22, 2010, she was sentenced to seventy months of

---

[1] This and all subsequent record citations are to case no. 1:08CR471.

imprisonment for wire fraud and a consecutive sentence of twenty-four months for aggravated identity theft. (Doc. 54 at 1–2.) Her convictions and sentence were affirmed on appeal. See Brack, 651 at 396.

Brack's § 2255 motion raises four grounds for relief, all predicated on ineffective assistance of counsel. (Doc. 73.) The United States filed a response, (Doc. 81), and Brack filed a reply in which she attempted to modify and add to her claims, (see Doc. 87.)

**II. ANALYSIS**

A petitioner collaterally attacking her sentence or conviction must prove by a preponderance of the evidence that her "sentence was imposed in violation of the Constitution or laws of the United States, . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; see also Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); Almon v. United States, 302 F. Supp. 2d 575, 579 (D.S.C. 2004). The court construes Brack's *pro se* motions liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1298 n.20 (4th Cir. 1992). The record supporting the § 2255 motion will be considered in its entirety.

All of Brack's claims assert ineffective assistance of her trial counsel. In order to prove ineffective assistance of

counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984). A petitioner bears the burden of affirmatively showing both deficient performance and prejudice. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). A petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), as amended (Aug. 12, 1992) (holding that, in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), abrogation on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255, 261 n.4 (4th Cir. 1999).

When a petitioner raises an ineffective assistance claim in the context of a guilty plea, she must show that the attorney's performance fell below the standard of attorney competence — "reasonably effective assistance." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Second, to show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that, but for counsel's allegedly deficient conduct, she would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The court must determine

3

whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one and is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Where "a defendant is represented by counsel when making [her] guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that [her] plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993) (citation omitted), aff'd, 511 U.S. 485 (1994). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (quoting United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992)) (quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations

4

that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Brack first contends that her fourth attorney, Christopher Shella, who was appointed after her plea but before sentencing, "failed to present mitigating evidence during sentencing." (Doc. 73 at 4.) In her reply brief, Brack asserts that Shella was ineffective "in a number of particulars," specifically that he "failed to request an appraisal of the properties and a release of information from William Sapp to the insurance company in order to verify that a fire had taken place which decreases the property value." (Doc. 87 at 1.) Brack appears to be referring to a piece of real estate that she swindled from her victim, and which formed part of the basis for her sentence. (See Doc. 65 at 5-18.) At her sentencing hearing, Brack claimed (but provided no evidence to establish) that a fire had damaged one of these properties, which would decrease both its value and her sentence. (Id. at 11.) Brack claims that Shella should have challenged her sentence more aggressively by acquiring additional evidence to back up her assertions about the value of this property.

Brack's contention fails to merit relief. Brack has not provided any evidence to support a different valuation of these properties, much less of one that would have affected her sentence. Moreover, Shella did challenge the valuation at sentencing, focusing on Brack's attempt to sell the properties for about half

5

of their tax value.  (Id. at 5–18.)  The court found that recent tax valuations of the property were more reliable because Brack had a motivation to low-ball the price in order to obtain a quick profit, (id.), and Brack has not produced any evidence to show that this finding was erroneous.

Brack further argues that Shella failed to present mitigating evidence regarding her "mental health history and history of abuse."  (Doc. 87 at 1).  Brack objects to her probation officer's alleged failure to include information in the presentence report "about [her] being in an abusive relationship with Timothy Fuller and being held hostage as a result."  (Id. at 1-2.)  Finally, she contends that Shella failed to object to the court's decision on her mental health condition.  (Id. at 2.)  As before, Brack does not support any of these allegations with evidence.  Consequently, this claim is without merit and will be dismissed.

In her second ground for relief, Brack contends that counsel "failed to investigate the pertinent facts of the case" and that "[f]acts exist . . . that would have limited the Petitioner's culpability in the charges at hand."  (Doc 73 at 5.)  Here, Brack fails to identify which counsel was involved or what facts existed that allegedly would have limited her "culpability."  Accordingly, this claim will be dismissed.

In her reply brief, Brack titles her second ground as "failure to advise defefendant [sic] of improbability of acquittal and

6

benefit of plea bargain when defendant faced potential sentence twice as long as that offered under plea agreement," citing <u>Boria v. Keane</u>, 83 F.3d 48 (2d Cir. 1996). (Doc. 87 at 2.) She provides no facts or argument in support of this claim; it is no more than a heading in her response. She also fails to identify which counsel she complains of.

There are multiple problems with this claim. First, it was not raised in her petition and cannot be raised in her response brief for the first time. <u>See</u> <u>Tyndall v. Maynor</u>, 288 F.R.D. 103, 108 (M.D.N.C. 2013) ("Members of this Court . . . have consistently held that reply briefs may not inject new grounds . . . ." (internal brackets and ellipses omitted)); <u>White v. Keller</u>, No. 1:10CV841, 2013 WL 791008, at *3 (M.D.N.C. Mar. 4, 2013) (unpublished) (collecting cases establishing that, "when a habeas petitioner has not moved to amend his petition, the Court will not consider any allegations or arguments stemming from [a] new claim" (internal quotation marks omitted)). Second, <u>Boria</u> was subsequently superseded by <u>Boria v. Keane</u>, 99 F.3d 492 (2d Cir. 1996). Third, to the extent Brack cites the case for the contention that her counsel failed to advise of her any plea offer, she has provided no evidence of that. Fourth, Brack could not have suffered prejudice from any alleged failure of counsel to advise her of the benefits of her plea agreement because she ultimately accepted the plea agreement rather than going to trial.

7

As to her plea agreement, Brack was examined by the court extensively during her plea colloquy. (See Doc. 64 at 36-52.) Brack acknowledged that she understood the superseding indictment and the charges against her, fully discussed them and her case in general with her lawyer, had sufficient time to speak with her lawyer about her case, discussed with her attorney whether she may have any defenses and what those might be, and was fully satisfied with her lawyer's services, counsel, representation, and advice. (Id. at 36.) Both her attorney and the court reviewed the charges to which she was pleading guilty and her potential maximum sentences. (Id. at 37-45.) She also acknowledged that any estimate of a sentence by counsel was not binding on the court. (Id. at 46.) The court also reviewed the elements of the offenses, which Brack said she understood. (Id. at 49-51.) She also denied she was pressured or misled in accepting her plea. (Id. at 43.) Consequently, she cannot claim that any aspect of her plea acceptance was faulty. For all these reasons, her second claim for relief is dismissed.

Brack's third ground for relief contends that counsel "failed to communicate and represent Petitioner at key meetings," "failed to object to incorrect information found in the Petitioner's PSR, including property values, and failed to request the necessary funds to have a proper appraisal done." (Doc. 73 at 7.) This claim essentially restates her contentions from her first claim,

8

and it is not supported by any evidence.  For the reasons noted above, this claim will be dismissed.

In her response, Brack raises a new third ground, styled, "Refusing to Bargain. Lafler v. Cooper and Missouri v. Frye." (Doc. 87 at 2.)  In the text of this claim, Brack argues that attorney Eric Placke "advised me that I was not guilty of social security fraud as the first indictment stated and that we were not going to plea [sic] to it," but that he "refused to ask Mr. Frank Chutt [sic] [the Assistant U.S. Attorney] about recommending me for halfway house time" "because "Mr. Chutt [sic] has nothing to do with the halfway house."  (Id.)

This ground is not contained in Brack's original motion and, for the reasons noted above, cannot be raised for the first time in her response brief.  Tyndall, 288 F.R.D. at 108.  Even if the court were to consider this claim, however, it would be denied.  Even assuming the truth of this rendition, Brack does not indicate how anything Placke may have told her affects her current conviction.  Moreover, this alleged assertion was correct; a prisoner's eligibility to spend time in a halfway house after sentencing is within the sole discretion of the Bureau of Prisons, not the Assistant U.S. Attorney or even the court.  Garrison v. Stansberry, No. 2:08CV522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)).  This claim, therefore, fails.

9

Brack's fourth ground for relief alleges that counsel "fail[ed] to investigate, object to PSR, and [sic] present evidence at sentencing" which "led to a due process violation." (Doc. 73 at 8.) This claim merely repeats her second ground in her motion and, for the same reasons, will be dismissed.

Finally, the court has considered Brack's request for appointment of counsel. "[A] plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, the provision of counsel through the auspices of the court remains "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In delineating the scope of that discretion, the United States Court of Appeals for the Fourth Circuit has held that a litigant seeking appointed counsel "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint

counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

Here, Brack's claims are not so exceptional as to merit the appointment of counsel. Her request will therefore be denied.

**III. CONCLUSION**

For the reasons stated herein,

IT IS THEREFORE ORDERED that Brack's request for counsel (Doc. 88) is DENIED, and her motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 73) is DISMISSED WITH PREJUDICE.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

      /s/   Thomas D. Schroeder
    United States District Judge

September 29, 2015